Robert K. Jones (State Bar No. 016228)
Sonya K. Boun (State Bar No. 023396)
**JACKSON LEWIS P.C.**
2398 East Camelback Road, Suite 1060
Phoenix, AZ  85016
Tel. (602) 714-7044
Fax (602) 714-7045
JonesR@jacksonlewis.com
Sonya.Boun@jacksonlewis.com
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ulysses Nunez,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>B Street Grill & Bar, LLC, d/b/a "The HUB Grill & Bar," David Bee and Kenny Klauss,<br><br>　　　　　　Defendants. | Case No. 2:17-cv-01599 PHX-DLR<br><br>**JOINT MOTION FOR APPROVAL OF SETTLEMENT AND FOR DISMISSAL OF THE LAWSUIT WITH PREJUDICE** |

　　　　Defendants B Street Grill & Bar, d/b/a The Hub Grill & Bar, David Bee, and Kenny Klaus, and Plaintiff Ulysses Nunez (the "Parties") jointly request this Court to approve the Parties' settlement and dismiss this action with prejudice.

**MEMORANDUM OF LAW**

　　　　Plaintiff filed this action in May 2017, alleging that he is entitled to unpaid overtime wages under the Fair Labor Standards Act ("FLSA").  Defendants deny any wrongdoing and dispute that it owes Plaintiff any compensation or associated penalties. However, in an effort to avoid the costs and uncertainty of litigation, the Parties have carefully and exhaustively negotiated a settlement over a period of several weeks.  They have agreed to resolve the disputed factual and legal issues on the terms set forth in the

attached Agreement. *See* Exhibit 1.

FLSA claims under Section 216(b) may be compromised after the court reviews and approves a settlement in a private action for back wages. *Quihuis-Bell v. GoDaddy.com LLC*, 2017 U.S. Dist. LEXIS 153197, *4 (D. Ariz. Sept. 18, 2017). The court "may approve a settlement if it reflects a reasonable compromise over issues." *Id.*

This Court should find that the settlement in this case is reasonable and should be approved. Specifically, the settlement resolves a situation in which "Defendant has strongly contested liability under the FLSA," there are "genuine disputes" as to the amount owed and the employer's willfulness, and the settlement payment "directly relate[s] to [] Plaintiff's length of employment and hourly wage." *Id*.

Even if liability were established, the Parties anticipate significant disputes as to the amount of Plaintiff's alleged damages. For instance, Defendants contend that Plaintiff's claim for damages is grossly inflated, and his claim for overtime wages is not based on the employer's workweek used for calculation of overtime hours. Also, because Plaintiff was paid straight time for all hours worked, any recovery is limited to one half times the regular rate for overtime hours. Alternatively, Plaintiff contends that he is entitled to payment of one and one-half times his regular rate of pay for all hours over 80 worked in each bimonthly pay period, and not just half times the regular rate for overtime hours.

As a further indication of the fairness of the settlement, Plaintiff is represented by experienced counsel, who, in the "adversarial context of a lawsuit," negotiated for Plaintiff "a reasonable compromise of disputed issues." *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982).[1] Other indicia of fairness are also

---

[1] The Ninth Circuit has implicitly indicated that it would follow the Eleventh Circuit's decision in *Lynn's Food Stores*, which required judicial approval of or DOL involvement with a settlement agreement for the agreement to be enforceable. *Dent v. Cox Communications Las Vegas, Inc*., 502 F.3d 1141, 1144 (9th Cir. 2007). District Courts in Arizona have followed this lead. *See, e.g., Quihuis-Bell v. GoDaddy.com LLC, supra.*

present, including that the Parties investigated the issues; that the settlement will conserve substantial time and expense by eliminating the need for costly discovery and a trial on the merits; and that, by settling, Plaintiff has avoided a significant delay in receiving any possible recovery.

As the court recognized in *Lynn's Foods*, settlements in the context of litigation where there are bona fide issues in dispute, and where employees are represented by "an attorney who can protect their rights under the statute," are to be approved by district courts "in order to promote the policy of encouraging settlement of litigation." 679 F.2d at 1354. These precise circumstances exist here. Accordingly, the Parties respectfully ask the Court to approve the terms set forth in the Agreement and enter the Parties' proposed Judgment, thereby dismissing Plaintiff's claims in the lawsuit with prejudice.

## CONCLUSION

For the reasons set forth above, the Parties request that the Court enter the concurrently filed stipulated order, which approves the Parties' settlement, and dismisses the lawsuit with prejudice.

RESPECTFULLY SUBMITTED this 25th day of October, 2017.

**JACKSON LEWIS P.C.**

By: /s/Sonya K. Boun
    Robert K. Jones
    Sonya K. Boun
    Attorneys for Defendants

**MONTOYA, LUCERO & PASTOR, P.A.**

By: /s/Stephen Montoya
    Stephen Montoya
    Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

     I hereby certify that on October 25, 2017, I electronically transmitted the attached document to the Clerk's Office using the ECF System for filing and transmittal of Notice of Electronic Filing to the following ECF registrants:

Stephen Montoya
MONTOYA LUCERO & PASTOR P.A.
3200 N. Central Avenue, Suite 2550
Phoenix, AZ 85012
*Attorneys for Plaintiff*

By: /s/Valerie J. Armstrong
4847-5842-0050, v. 1