# EXHIBIT 1

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

**THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE** (hereinafter this "Agreement") is entered into by and between B Street Grill d/b/a The Hub Grill and Bar, David Bee, and Kenny Klaus (hereinafter collectively referred to as "DEFENDANTS") and Ulysses NUNEZ (hereinafter "NUNEZ").

**WHEREAS**, NUNEZ was previously employed by The Hub Grill and Bar (the "Employment");

**WHEREAS**, NUNEZ filed a lawsuit against DEFENDANTS in the United States District Court, District of Arizona (Case No. 2:17-cv-01599-DLR) alleging a claim for unpaid overtime (the "Lawsuit"); and

**WHEREAS**, NUNEZ and DEFENDANTS desire to settle, compromise, and resolve the Lawsuit and any and all potential differences between them without the burden, expense, and delay of further litigation, and without admission of any fault or liability by NUNEZ or DEFENDANTS;

**NOW, THEREFORE**, in consideration of the mutual covenants and promises herein contained, and for other good and valuable consideration, receipt and sufficiency of which is hereby acknowledged, NUNEZ and DEFENDANTS voluntarily and knowingly agree as follows:

1.    **Definitions.**   For the purposes of this entire Agreement, the term "DEFENDANTS" includes David Bee, Kenny Klaus, The Hub Grill and Bar, and to the extent applicable, as direct, intended, and third party beneficiaries hereof, its past, present, and future partners, officers, employees, representatives, trustees, administrators, fiduciaries, attorneys, insurers, agents, subsidiaries, parent corporations, affiliated entities, board members, predecessors, successors, heirs, and assigns, jointly and severally, in both their personal and official capacities (collectively "Released Parties"). For the purposes of this entire Agreement, the term "NUNEZ " shall refer to Ulysses Nunez, his marital community (if any), and his beneficiaries, successors, and assigns.

2.    **Consideration.**   DEFENDANTS shall pay NUNEZ the total gross sum of $27,000.00 (twenty-seven thousand dollars). The form of payment shall be in two checks sent to NUNEZ's attorney of record, Stephen Montoya of Montoya, Lucero & Pastor, P.A., 3200 N. Central Avenue, Suite 2550, Phoenix, Arizona 85012, allocated in two checks as follows:

   a.   The first check shall be made payable to "Ulysses Nunez" and will be in the gross amount of $18,000.00 (eighteen thousand dollars). From this sum will be deducted normal payroll withholdings and

other deductions, including applicable taxes.  The Hub Grill and Bar will issue a W-2 for this amount.

b.  The second check shall be made payable to "the Montoya Law Group" in the gross amount of $9,000.00 (nine thousand dollars). The Hub Grill and Bar will not deduct taxes from this check; however, The Hub Grill and Bar will issue a Form 1099 to NUNEZ and the Montoya Law Group for this amount.

c.  NUNEZ acknowledges that any payment obligation outlined in this Agreement is conditioned upon full execution of this Agreement, his filing of a stipulation of dismissal of all the claims in the Lawsuit with prejudice, and court approval of this Agreement, as outlined in Section 7 below.  As a condition of payment, the Montoya Law Group must provide its valid taxpayer identification number (TIN) by copy of IRS Form W-9 or otherwise.

d.  The checks shall be delivered to Stephen Montoya at Montoya, Lucero, and Pastor, P.A., not more than fifteen (15) business days after the Court has approved this Agreement, as outlined in Section 7 below.

e.  NUNEZ acknowledges that the payments described in 2(a)-(b) above, once received by Montoya, Lucero & Pastor, P.A., shall be sufficient consideration for the releases and other terms and conditions of this Agreement, and that they have no further claim for any payment related to the Lawsuit.   NUNEZ also acknowledges that he will be exclusively liable for the payment of all federal, state, and local taxes, if any, which may be owed as a result of the monetary consideration paid pursuant to this Agreement.  In addition, DEFENDANTS are not required at any time to pay any non-payroll related taxes or other amounts, including, without limitation, penalties, interest, or attorneys' fees on account of any failure to pay taxes on such payment, NUNEZ agrees to indemnify DEFENDANTS and hold them harmless from any penalties, claims, lawsuits, attorneys' fees, and expenses.

3.  **Release.**  NUNEZ hereby irrevocably and unconditionally releases and discharges DEFENDANTS and the other Released Parties from, and hereby waives, any and all claims, demands, liens, agreements, covenants, actions, suits at law or equity, obligations, debts, damages, judgments, liabilities, attorneys' fees, costs, and expenses of whatever kind, known or unknown, suspected or unsuspected, which he had or has based on any matter or thing occurring prior to the date he signs this Agreement, including but not limited to claims which were or could have been asserted in the Lawsuit or claims that arise from or relate to his Employment or the

termination of his Employment. The released claims include, but are not limited to, any claims arising under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, the Fair Labor Standards Act, the Civil Rights Act of 1991, the Equal Pay Act, the Americans With Disabilities Act, as amended, the Family and Medical Leave Act, the Arizona Civil Rights Act, the Arizona Employment Protection Act, the Fair Wages and Healthy Families Act, any Arizona wage payment statute (including A.R.S. § 23-350 *et seq.*), all claims for breach of contract, wrongful discharge or layoff, constructive discharge, retaliatory discharge, payment or non-payment of any wages or expenses, impairment of economic opportunity, intentional or negligent infliction of emotional harm, distress, or any other tort, including but not limited to defamation, invasion of privacy, intentional interference with contract or prospective advantage, violation of any constitutional right, sex discrimination, race discrimination, disability discrimination, age discrimination, or any other form of employment discrimination or retaliation, and any and all claims arising from any alleged violations by or on behalf of the DEFENDANTS under every applicable federal, state, or local law, rule, regulation, ordinance, public policy, or common law.

NUNEZ understands and acknowledges that this release forever bars him from suing or otherwise asserting or recovering from a claim against DEFENDANTS or the other Released Parties on the basis of any event occurring up to the time he signed the Agreement, whether the facts are now known or unknown, and whether the legal theory upon which such claim might be based is now known or unknown.

4. **Acknowledgement of Prior Full Payment.** NUNEZ acknowledges and affirms that he reported all hours worked during his Employment with DEFENDANTS and has been paid and has received all compensation, wages, bonuses, commissions, leave hours, and/or benefits to which he was entitled, at appropriate minimum or overtime rates, as a result of his Employment with DEFENDANTS, and that the consideration promised under this Agreement provides full payment and satisfaction of all claims alleged in the Lawsuit or which could have been alleged in the Lawsuit.

5. **Provision for Unknown Claims.** NUNEZ warrants that, other than the Lawsuit, he does not have any claim or charge pending against DEFENDANTS or any of the other Released Parties with any court, tribunal, administrative agency, governmental agency, or other such body.

6. **Waiver of Right to Recovery and No Inducement.** NUNEZ waives any right to monetary recovery should any administrative agency pursue any released claim on his behalf or on behalf of any class in which he is a member. To the extent permitted by law, and unless required by law, NUNEZ agrees that he will not induce, aid, or abet anyone in instituting or prosecuting any pending or future claim against Defendant or any other Released Party in any court, arbitral tribunal, or administrative agency; provided, however, that nothing in this Agreement shall inhibit NUNEZ 's participation by truthful testimony before any such tribunal.

7.     **Dismissal of Lawsuit and Motion for Court Approval.**  NUNEZ agrees that, upon request by DEFENDANTS' counsel, and as a condition precedent for receipt of the consideration outlined in Paragraph 2, he authorizes and shall cause his attorney (a) to stipulate or consent to a joint motion for court approval of the settlement of the Lawsuit documented in this Agreement (in substantially the form attached hereto as <u>Exhibit A</u>), and (b) to stipulate to the dismissal of all claims in the Lawsuit with prejudice, with the parties to bear their own attorneys' fees and costs, if not otherwise dismissed by the Court.   DEFENDANTS' performance of any obligation under this Agreement is contingent upon the Court's granting orders on the stipulations described in this Paragraph.

8.     **Consultation with Legal Counsel.**  NUNEZ acknowledges that this Agreement constitutes written notice from DEFENDANTS that they advises him to seek legal counsel before signing this Agreement, and NUNEZ acknowledges that he is represented by competent counsel for this purpose.

9.     **Effective Date of Agreement.**  This Agreement will be effective upon full execution by NUNEZ and DEFENDANTS provided, however, that DEFENDANTS' obligations under Section 2 shall not be due until the Court has approved the stipulations described in Section 7.

10.     **Confidentiality.**  NUNEZ agrees that he will not, except as required by law, disclose the terms of this Agreement, or the negotiations leading up to this Agreement, except that NUNEZ may disclose the terms of this Agreement and the negotiations leading up to this Agreement to his spouse (if any), attorneys, or tax or financial advisors (provided they are informed of and agree to abide by the confidentiality restriction).   The parties acknowledge that a breach of this confidentiality provision will constitute a material breach of this Agreement, except that no severable breach of this provision shall affect the full enforceability of the waivers and releases stated in Section 3.

11.     **Full Consideration.**   NUNEZ agrees that payment by DEFENDANTS of the consideration outlined in Section 2, as well as compliance with the above described terms, constitutes full and sufficient legal consideration for the promises and covenants set forth in this Agreement.

12.     **No Admission of Wrongdoing.**  The parties each agree that nothing in this Agreement (nor in the offer of this Agreement) shall be construed as an admission by any of them of any wrongdoing or violation of any applicable law, and that nothing in this Agreement shall be so construed by any other person.

13.     **Bar.**  NUNEZ specifically agrees that this Agreement may be pled by DEFENDANTS or any of the other Released Parties as an absolute bar to any released claim.

4

14.     **Complete Agreement**.  This Agreement sets forth all of the terms and conditions of the agreement between the parties and shall be considered and understood to be a contractual commitment and not a mere recital.  This Agreement shall be binding upon DEFENDANTS and their successors and assigns, and upon NUNEZ and his respective agents, community interests, heirs, executors, representatives, and assigns.

15.     **Fees and Costs.**  Each party shall bear and pay his or its own costs and attorneys' fees with regard to the Lawsuit, this Agreement, and any matters covered herein.

16.     **Waiver and Amendment.**   A waiver of any right under this Agreement must be in writing to be effective.  This Agreement may be amended only by a writing signed by the parties.   Any oral representation or modification concerning this Agreement shall be of no force or effect.

17.     **Severability.**   If any portion of this Agreement is held invalid by operation of law, the remaining terms of this Agreement shall not be affected, provided, however, that if any part of the release in paragraph 3 of this Agreement is held invalid, DEFENDANTS shall have the right to seek rescission of this Agreement and will be entitled to recovery of the consideration described in Paragraph 2.

18.     **Choice of Law.**  The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against either of the parties.  This Agreement shall be governed by and construed in accordance with the laws of the State of Arizona as applies to transactions occurring entirely within Arizona among Arizona residents, except to the extent that federal laws apply.

19.     **Successors and Assigns**.  This Agreement shall inure to the benefit of and be enforceable by the parties' respective heirs, successors, and assigns.

20.     **Counterparts**.   This Agreement may be executed in counterparts, which, taken together, shall represent a fully executed original.  A facsimile or digitally reproduced signature may be deemed an original.

21.     **Acknowledgement.**   NUNEZ acknowledges that, in executing this Agreement, he does not rely on any inducements, promises, or representations made by DEFENDANTS other than those expressly stated herein.   Further, NUNEZ declares that he has read this Agreement and fully understand its terms and contents, including his rights and obligations hereunder, and freely, voluntarily, and without coercion enters into this Agreement.   NUNEZ agrees and acknowledges that the waiver and release of all rights or claims he may have under any local, state, or federal law is knowing and voluntary.

/ / / / /

**B STREET GRILL d/b/a**
**THE HUB GRILL & BAR**

By _____

Its _member_____

Dated: _10-2-17_____


**ULYSSES NUNEZ**

_____

Dated: _____


**DAVID BEE**

_____

Dated: _10-2-17_____


**KENNY KLAUS**

_____

Dated: _10-2-2017_____


4830-5524-8465, v. 1

6

**B STREET GRILL d/b/a**
**THE HUB GRILL & BAR**

By _____
Its _____

Dated: _____


**ULYSSES NUNEZ**

_Ulysses Nunez_

Dated: 10/24/2017


**DAVID BEE**

_____

Dated: _____


**KENNY KLAUS**

_____

Dated: _____


4830-5524-8465, v. 1

6